548 So.2d 727 (1989)
ARLINGTON LUMBER & TRIM CO., Inc., a Corporation, Appellant,
v.
Jimmy D. VAUGHN, Appellee.
No. 88-3251.
District Court of Appeal of Florida, First District.
August 15, 1989.
Rehearing Denied September 27, 1989.
*728 Nancy N. Nowlis, Jacksonville, for appellant.
Lester Makofka, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant appeals a final judgment denying its complaint to foreclose a claim of lien. We affirm.
Frank Riggs, d/b/a Riggs Construction Company (contractor) contracted with appellee Jimmy Vaughn (owner) to make improvements on Vaughn's home. Riggs purchased most of the materials for the job from appellant, Arlington Lumber & Trim Co., Inc. (materialman).
The initial purchase of the material for the Vaughn job was an over-the-counter purchase on November 3, 1987. The initial delivery of materials by appellant to the Vaughn job site occurred on November 16. Contractor Riggs failed to pay appellant for the materials used in the Vaughn job. Thereafter, in an attempt to comply with the provisions of section 713.06(2)(a) in claiming a lien on the improved property, appellant sent a "notice to owner" to Vaughn on December 23, 1987. On December 15 and December 23, 1987, Vaughn made payments to Riggs totaling $10,000.
In appellant's subsequent suit against Riggs and Vaughn on the claim of lien, appellant alleged that it had notified Vaughn as required by section 713.06. Vaughn filed an affirmative defense asserting that appellant failed to serve its "notice to owner" upon him within 45 days as required by that statute and, pursuant to the statute, that failure constituted a complete defense to the claim of lien. Vaughn also asserted the affirmative defense that appellant was barred from recovery because appellant failed to demand a designation of account pursuant to section 713.14 upon later payments made by Riggs. The trial court correctly denied appellant's complaint to foreclose the claim of lien on the grounds that appellant had failed to timely serve the "notice to owner" and had failed to demand a designation of account.[1]
Section 713.06(2)(a) clearly provides that as a prerequisite to perfecting a lien under chapter 713, all lienors must serve a notice to the owner "before commencing, or not later than 45 days from commencing, to furnish his services or materials" (emphasis supplied) and failure to timely serve that notice "shall be a complete defense to enforcement of a lien by any person."
Appellant contends on appeal that the 45 days allowed by section 716.06(2)(a) did not commence to run until the first delivery of materials by appellant to the on-job site on November 16, making the December 23 "notice to owner" well within the 45-day time frame. However, section 713.01(6) provides that to "furnish materials" means to supply materials which are incorporated in the improvements. That statute further provides: "The delivery of materials to the site of the improvement shall be prima facie evidence of incorporation of such materials in the improvement." Contrary to *729 appellant's contention, however, that provision does not establish that delivery of materials to the job site is the only act that may be classified as furnishing materials under section 713.06(2)(a).
Clearly, section 713.01(6) and 713.06(2)(a) establish that the furnishing of any materials which are incorporated in the improvement commences the running of the 45-day time period. Therefore, the initial over-the-counter purchase of materials for the Vaughn job on November 3 commenced appellant's furnishing of materials in this case. As provided by the statute, appellant's failure to serve the "notice to owner" within 45 days of that date constitutes a complete defense to enforcement of appellant's lien. Consequently, the trial judge was correct in denying appellant's complaint to foreclose its claim of lien.
Further, the evidence supports the trial court's finding that appellant failed to comply with the section 713.14 requirement that the materialman demand of the person making payment a designation of the account and the items of account to which the payment is to apply, thus establishing another complete defense to the claim of lien.
AFFIRMED.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] Unchallenged in this appeal is the default and subsequent final judgment against Riggs.